**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

CHARLES ROELL                                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:06-cv-443-HTW-LRA

STRYKER CORPORATION,
STRYKER SALES CORPORATION,
K&W ASSOCIATES,
SAINT DOMINIC-JACKSON MEMORIAL HOSPITAL,
AND JOHN DOES 1-50                                                                          DEFENDANTS

**ORDER DENYING REMAND**

Before this court is plaintiff Charles Roell's (hereinafter "Roell") Motion to Remand [docket # 12]. Plaintiff filed this products liability lawsuit on June 9, 2006, in the Circuit Court of Hinds County, Mississippi. Defendants Stryker Corporation (hereinafter "Stryker"), Stryker Sales Corporation (hereinafter "SSC"), and K&W Associates (hereinafter "K&W") having filed a timely notice of removal with this court on August 11, 2006, oppose plaintiff's motion. Agreeing with defendants, this court hereby denies plaintiff's motion to remand for the reasons which follow.

**Jurisdiction Dispute**

Defendants contend that this court has subject matter jurisdiction over this dispute pursuant to Title 28 U.S.C. § 1332.[1] While no party disputes that the amount in controversy exceeds the jurisdictional minimum of this court, plaintiff, a Mississippi citizen, argues that the parties are not diverse, pointing to the citizenship of defendant Saint Dominic-Jackson Memorial Hospital (hereinafter "SDH"), a Mississippi

---

[1]Title 28 U.S.C. § 1332 provides that the district court may exercise jurisdiction over any civil case where the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

corporation. Defendants reply that this court should ignore the presence of SDH because, say defendants, plaintiff has fraudulently joined SDH in this lawsuit and that this court should dismiss SDH accordingly.

### Statement of Facts & Complaint

Plaintiff's medical physicians performed hip replacement surgery on plaintiff on June 28, 2000, at the SDH, located in Hinds County, Mississippi. The surgery called for the physicians to implant into plaintiff a medical device known as an artificial hip.

On June 18, 2003, approximately three years after Roell's hip replacement surgery, a wire in the medical device broke while Roell was playing golf. Roell underwent immediate surgery to replace the allegedly defective device.

Later, Roell initiated this lawsuit against Stryker,[2] SSC,[3] K&W,[4] the SDH[5] and John Does 1 through 50 in the First Judicial District of Hinds County, Mississippi ("Hinds County"). In that complaint, Roell asserts a number of claims against "defendants" without specifically designating which defendants are implicated by each claim. Roell's claims are set forth as follows:

---

[2] Stryker Corporation is incorporated in the State of Michigan and manufactures, distributes, and markets prosthetic medical devices, including devices used in hip replacement operations.

[3] Stryker Sales Corporation is incorporated in the State of Michigan and manufactures, distributes, and markets prosthetic medical devices, including devices used in hip replacement operations.

[4] K&W Associates in an Alabama entity that participates in the sale and marketing of prosthetic medical devices, including devices used in hip replacement operations.

[5] Saint Dominic - Jackson Memorial Hospital is a non-profit hospital located in Jackson, Hinds County, Mississippi.

      1.       Count I of the complaint is a product liability claim, asserting that the artificial hip was both defective and unreasonably dangerous.  Count I also contains a failure to warn of its dangers claim.

      2.       Count II sets forth a separate failure to warn claim, alleging that each defendant knew or should have known that the hip implant was defectively manufactured [*see* ¶ 15].

      3.       Count III asserts claims of negligence and/or gross negligence on the part of each defendant.  The implication with regard to SDH is that SDH sold the hip implant to Roell without adequate warnings to "users, consumers, and physicians" about the attendant dangers.

      4.       Count IV is a breach of implied warranty.
      5.       Count V is a breach of express warranty.

So then, plaintiff contends that defendant SDH knew or should have known of the danger posed by the allegedly defective hip implant;  that SDH breached a duty to warn Roell of the dangers;  and, that SDH either expressly or impliedly warrantied the implant.

The defendants removed Roell's suit to this court under Title 28 U.S.C. §§ 1441 and 1446,[6] citing the diversity of Roell and all defendants other than SDH.  In their removal papers, the defendants alleged that Roell fraudulently had joined SDH for the sole purpose of defeating this court's diversity jurisdiction over the matter.

---

[6] Title 28 U.S.C. § 1441(a) provides that a means by which a civil action brought in a State court may be removed to the district court of the United States for the district and division embracing the place where such action is pending, so long as that district court could exercise original subject matter jurisdiction over the action.

Title 28 U.S.C. § 1446 (b) provides that notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant of a copy of the initial pleading, or after the service of summons upon the defendant.

**Removal & Fraudulent Joinder**

As courts of limited jurisdiction, federal courts are obligated to ascertain subject-matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction before resolving any other element of a lawsuit. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S. Ct. 459, 151 L. Ed. 2d 377 (2001). A defendant who removes an action from state court to federal court bears the "heavy" burden of demonstrating this court's subject-matter jurisdiction and that removal was proper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981); *see also* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met."). Furthermore, the removal statutes are to be strictly construed with all doubts and ambiguities resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). Since jurisdiction is a threshold matter, this court must determine at the outset whether the diversity requirement is satisfied.

**I. Standard for Determining Improper Joinder**

Defendants removed this case to this court pursuant to Title 28 U.S.C. §§ 1441 and 1446. The plaintiff has moved to remand this case to state court, claiming

4

improvident removal under Title 28 U.S.C. § 1447(c).[7]

The doctrine of improper joinder provides a narrow exception to the rule of complete diversity. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). A removing party may show improper joinder of a non-diverse defendant, allowing dismissal of that party and the exercise of federal subject matter jurisdiction pursuant to Title 28 U.S.C. 1332(a) in either one or two instances: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646-7 (5th Cir. 2003). If *any possibility of recovery* against the party whose joinder is questioned exists, the court is bound to remand the action to state court under § 1447(c). *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993). The party alleging diversity of citizenship jurisdiction bears the burden of proving that the federal court may exercise jurisdiction. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Upon addressing the issue of fraudulent joinder, that is, whether the plaintiff has any possibility of stating a cause of action against a non-diverse defendant, this court applies Mississippi law. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

As an initial step in its analysis, the court must determine whether a common defense applies to both diverse and non-diverse defendants. A common defense is one which, if argued successfully by a party asserting improper joinder, is equally dispositive to the claims of both the non-diverse and the diverse defendants.

---

[7]Title 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . The State court may thereupon proceed with such case."

*Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (*en banc*). If the common defense will result in the dismissal of all claims against all defendants, the court must reject fraudulent joinder and remand the lawsuit to state court. *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636 (5th Cir. 2004).

## II. Claims against Non-diverse Defendant SDH

Defendant SDH is a non-profit hospital where plaintiff received a hip replacement operation on June 28, 2000. The artificial hip surgically implanted in plaintiff, which plaintiff alleges was defective, was manufactured, marketed, and distributed by defendants Stryker and SSC. Defendant K&W assisted in the sale of the artificial hip to SDH and Roell.

The interrogatory here posed is whether SDH may be held liable as a "seller" under Mississippi's Product Liability Act. Defendants assert that plaintiff cannot successfully pursue a product liability claim against SDH, relying upon Mississippi's Product Liability Act [MPLA], which permits a product liability claim against the manufacturer or seller of a product. *See* Miss. Code Ann. § 11-1-63(a). Mississippi law limits the liability of a seller "other than the manufacturer" to those circumstances where the seller either "exercised substantial control over that aspect of the . . . product that caused the harm . . .; or the seller modified the product in a way that caused the harm; or "had actual or constructive knowledge of the defective condition of the product at the time he supplied the product." *Id.* at (h). The law is intended to protect "innocent sellers who are not actively negligent, but instead are mere conduits of a product." *Id.*

Thus, defendants argue that SDH is not a "seller" within the scope of this statute,

6

and therefore, say defendants, SDH is not a proper defendant in this product liability lawsuit. *See Vergott v. Deseret Pharm. Co.*, 463 F.2d 12, 16 n.5 (5th Cir. 1972) (citing *Perlmutter v. Beth David Hospital*, 308 N.Y. 100, 123 N.E.2d 792 (N.Y. 1954), for the proposition that "a hospital is not a seller engaged in the business of selling the product," but is instead a provider of services).

Defendants' argument on the above point, that SDH is not a seller and thus not liable under the applicable statute, is not a common defense. In other words, this argument does not apply to the other defendants in this lawsuit. Further, even if successfully argued, this defense only applies to the product liability claim, and not to plaintiff's other claims.

This court finds from the plain language of the statute and case authority cited above that SDH is not a "seller" within the scope of MPLA. Accordingly, this court dismisses this claim against SDH.

Next, this court examines whether SDH may be held liable as a "seller" under the Uniform Commercial Code (hereinafter "the U.C.C."). The court's focus here is on the U.C.C. whereas in the preceding paragraphs, the court focused upon the MPLA.

Roell asserts that SDH is liable for breach of implied and express warranties and warranty of fitness for a particular purpose under the U.C.C. In numerous jurisdictions which have adopted the U.C.C., courts have held that hospitals may not be held liable under the U.C.C. for the "sale" of an allegedly defective medical device. *See, e.g., Hoff v. Zimmer,* Inc., 746 F. Supp. 872 (W.D. Wis. 1990) (holding that a hospital could not be held liable for breach of warranty for an allegedly defective prosthetic hip device); *In*

7

*re TMJ Implants Prod. Liab. Litig.*, 872 F. Supp. 1019 (D. Minn. 1995), *aff'd*, 97 F.3d 1050 (8th Cir. 1996) (holding a that a physician who installed a temporomandibular joint implant could not be liable under breach of warranty theories); *In re: Breast Implant Prod. Liab. Litig.*, 503 S.E.2d 445 (S.C. 1998) ("[H]ealth care providers offer services, not products[.]"); *Pleasant v. Dow Corning Corp.*, 1993 U.S. Dist LEXIS 21488, at *15-18 (D. S.C. January 7, 1993) (holding that a hospital's primary function in the sale of breast implants was the medical service supplied to the plaintiff); *Easterly v. Hosp. of Tex., Inc.*, 772 S.W.2d 211 (Tex. App. 1989) ("Texas follows the majority rule that the essence of the hospital stay is the furnishing of the institution's healing services. The services necessarily require certain goods or products, and these goods are usually incidental to the primary purpose of the hospital's function which is to heal."); *Fisher v. Sibley Mem'l Hosp.*, 403 A.2d 1130 (D. D.C. 1979) ("To characterize as a sale the supplying of blood would mean that the hospital, no matter how careful, would be responsible, virtually as an insurer, if the patient were harmed as a result of impure blood.").

Roell has not identified, nor is this court aware of, any Mississippi authority that has recognized hospitals as "sellers" of medical devices or drugs used in the course of patient treatment services. Further, this court agrees with defendants that SDH may not be considered a "seller" of Roell's hip replacement device under the U.C.C. Therefore, this court dismisses the claim.

Next, this court answers the question whether SDH breached a duty to warn Roell of the dangers and risks associated with the hip implant. Defendants contend

8

that SDH had no duty under Mississippi law to warn Roell, because under Mississippi's "learned intermediary" doctrine the duty to warn flows from the manufacturer to the physician. Mississippi law clearly applies this doctrine to manufacturers of prescription drugs and prescription medical devices, and to physicians. *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522 (S.D. Miss. 2000) (pharmaceutical sales representatives did not owe duty to warn to prescription drug users); *Coleman v. Danek Med. Inc.*, 43 F.Supp. 2d 637, 646 (S.D. Miss. 1999) (manufacturer owed duty to warn the prescribing physician as learned intermediary). The parties have not presented, and this court cannot find, any evidence that Mississippi law extends this duty to warn to a service provider whose role falls outside that direct chain of commerce. Accordingly, this court, too, dismisses this claim against SDH.

The court now turns to plaintiff's claims for breach of warranty. Defendants contend that plaintiff's claims against SDH for breach of implied and express warranties both fail. Defendants argue that the applicable law embraces a *seller* of a good, and not SDH, which is not a seller of the allegedly defective good. Further, defendants assert, and the court agrees, that Mississippi statutory law provides liability against a *seller* of a good for the breach of an implied warranty, but only if the seller is both a merchant with respect to those goods, and warrants that the goods are fit for their ordinary purposes. *See* Miss. Code Ann. § 75-2-314.

Defendants additionally contend that Roell's breach of an express warranty claim falls within the scope of the MPLA, and again, say defendants, the MPLA applies only to a *seller* or *manufacturer* of the product at issue. *See* Miss. Code Ann. § 11-1-

9

63(a)(I)(4).

Plaintiff makes no attempt to refute the legal authority defendants provided the court to show that SDH is not a *seller* of the good in question, as defined under Mississippi law. Plaintiff's motion to remand merely offers the conclusory statement that "[c]learly, there is a valid cause of action stated in Mr. Roell's Complaint against St. Dominic." *See* Motion to Remand, ¶ 5. Plaintiff's complaint asserts alleged facts which implicate the manufacturer/seller of the allegedly defective product, along with general claims against "all" defendants. Plaintiff fails to present any additional facts, authority, or legal arguments which would place SDH in the role of a seller or otherwise impose upon SDH the duties of a seller.

Finally, this court considers whether plaintiff has asserted a valid claim for negligence against SDH. The court answers the question in the negative. Those facts pled by plaintiff address in a general sense the duties of a manufacturer or a seller of the allegedly defective hip implant. Plaintiff fails to assert specific facts which would tend to establish a negligence claim against the defendant SDH, which is neither the manufacturer nor a seller of the product.

## IV.  CONCLUSION

The court is persuaded that plaintiff has failed to state any cognizable claim against the defendant SDH. Accordingly, this court finds that plaintiff improperly joined SDH as a defendant in this civil lawsuit; resultedly, this court hereby dismisses SDH from the lawsuit. The relevant parties now are diverse in citizenship and this case features the requisite amount in controversy. This court, therefore, denies plaintiff's

motion to remand [docket # 12]. The parties are directed to contact the assigned Magistrate Judge for a Case Management Order.

SO ORDERED AND ADJUDGED, this the 21st day of September, 2007.

                                s/ HENRY T. WINGATE
                                CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:06-cv-443-HTW-LRA
ORDER DENYING REMAND